Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2450 | **DATE** | 5/30/2000 |
| **CASE TITLE** | Phyllis Miller  v  Material Sciences Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   PRELIMINARY APPROVAL ORDER ENTERED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| X | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 3 1 2000 | |
| | Notified counsel by telephone. | | date docketed | 87 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/23/2000 | |
| GDS | courtroom deputy's initials | 00 MAY 30 PM 1:28 | date mailed notice | |
| | | Date/time received in central Clerk's Office | MG mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| PHYLLIS MILLER,<br><br>      Plaintiff,<br><br>vs.<br><br>MATERIAL SCIENCES CORPORATION,<br>WILLIAM H. VRBA, G. ROBERT EVANS,<br>GERALD G. NADIG and JAMES J.<br>WACLAWIK, SR.,<br><br>      Defendants. | Case No. 97 C 2450<br><br>Judge Gettleman |

DOCKETED
MAY 3 1 2000

## PRELIMINARY APPROVAL ORDER

WHEREAS, an action is pending before the Court entitled <u>Phyllis Miller v. Material Sciences Corporation</u>, Civil Action No. 97 C 2450 (the "Action"); and

WHEREAS, by Order dated June 28, 1999, the Court certified a class of all persons and entities who purchased the common stock of Material Sciences Corporation ("Material Sciences") at any time from April 18, 1996 through and including April 6, 1997 (the "Class"), excluding Defendants, their subsidiaries and affiliates, and members of the immediate families of each of the individual Defendants, and appointed Lead Plaintiff Phyllis Miller as representative of that Class ("Lead Plaintiff"); and

WHEREAS, Notice of Class Certification was sent by first class mail on September 20, 1999, to all members of the Class or their nominees who could be identified through reasonable effort from the shareholder records provided by Defendants, and Summary



Notice of Class Certification was published in The Wall Street Journal on September 27, 1999 ("Summary Notice of Class Certification"); and

WHEREAS, the parties having made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order approving the settlement of this Action in accordance with a Stipulation of Settlement dated as of April 25, 2000 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action (the "Settlement") and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and the parties having been heard,

WHEREFORE IT IS HEREBY ORDERED:

1. The definitions set forth in the Stipulation are incorporated herein.

2. The Settlement is preliminarily approved.

3. The forms of mailed notice (the "Notice of Settlement") and published notice (the "Summary Notice of Settlement") (substantially in the form of Exhibits "C-1" and "C-2" hereto), to notify Class Members of the Fairness Hearing pertaining to: (i) final approval of the Settlement and allocation of the Settlement Fund and (ii) Plaintiff's Lead Counsel's application for attorneys' fees and reimbursement of expenses, and a proof of claim and release (the "Proof of Claim") (substantially in the form of Exhibit "C-3" hereto), are preliminarily approved.

4. Plaintiff's Lead Counsel is directed to mail or cause to be mailed by first class mail the Notice of Settlement and Proof of Claim to those Class Members or their nominees who can be identified through reasonable effort from the shareholder records provided by

Defendants. Nominees of Class Members who purchased Material Sciences' publicly traded common stock during the Class Period are also directed to, within ten (10) days after receipt of the Notice of Settlement, either forward the Notice of Settlement and Proof of Claim by first class mail to all beneficial owners or, if they have not already done so, send a list of the names and addresses of the beneficial owners to Plaintiff's Lead Counsel or their designee. Plaintiff's Lead Counsel shall cause the Notice of Settlement and Proof of Claim to be sent by first class mail within ten (10) days of receipt of the list from the nominee.

5. Plaintiff's Lead Counsel is directed to cause the Summary Notice of Settlement to be published once in the national edition of The New York Times within ten days of the mailing of the Notice of Settlement.

6. Plaintiff's Lead Counsel is directed to serve on Counsel for Defendants and file with the Court proof, by affidavit or declaration under penalty of perjury, of the mailing and publication of the Notice of Settlement and Summary Notice of Settlement as provided for in subparagraphs D.3. and D.4. of the Stipulation.

7. The mailing and publication pursuant to subparagraphs D.3 and D.4 in the Stipulation is preliminarily approved and constitutes the best notice to Class Members practicable under the circumstances, including individual notice to all such members who have been identified through reasonable effort, and is due and sufficient notice of the Fairness Hearing, proposed Settlement, application for attorneys' fees and expenses and interest thereon, and other matters set forth in the Notice of Settlement, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and § 21D(a)(7) of the Securities Exchange Act of 1934.

8. Members of the Settlement Class who wish to participate in the Settlement Fund shall complete and timely file a Proof of Claim in accordance with the instructions contained in the Notice of Settlement and Summary Notice of Settlement.

9. All discovery and other proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation, and pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence against any Defendant or other Released Party, any action or proceeding in any court or tribunal asserting any of the Settled Claims.

10. The Fairness Hearing is scheduled to be held by the Court on August 1, 2000 at 10:00 a.m., to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, whether the proposed allocation of the Settlement Fund should be approved, and whether the Court should award counsel fees and reimbursement of expenses, and interest thereon, to Plaintiff's Counsel.

11. Upon the Effective Date, all Class Members who have not requested exclusion from the Class, whether or not they file a Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, shall be barred from asserting any Settled Claims, and any such member of the Class shall be conclusively deemed to have released Defendants and the Released Parties from any and all such Settled Claims.

12. Class Members who had requested exclusion from the Class may elect to become Settlement Class Members by timely filing a request for inclusion.

13. No person or entity who is not a Settlement Class Member or counsel to the Class shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or provided for in the Stipulation.

14. The Fairness Hearing may, from time to time and without further notice to the Class, be continued by Order of the Court.

15. Plaintiff's Lead Counsel shall retain David Berdon & Co. to act as Claims Administrator to supervise and administer the notice procedure and the processing of claims.

16. Plaintiff's Lead Counsel is authorized to pay the expenses and costs described in paragraph C.1 of the Stipulation.

17. Any objections to the proposed Settlement shall be heard and any papers submitted in support of said objections shall be received and considered by the Court at the Fairness Hearing (unless, in its discretion, the Court shall direct otherwise) only if persons making objections file notice of their intention to appear and any written objections and copies of any papers and briefs with the Clerk of the Court for the Northern District of Illinois, Eastern Division and serve such notice and papers by hand or by first class mail on the following counsel at least fourteen days prior to the Fairness Hearing:

> Howard T. Longman, Esq.
> **Stull, Stull & Brody**
> 6 East 45th Street
> New York, NY 10017
>
> **Co-Lead Counsel for Plaintiff**

5

Paul F. Brown, Esq.
**Kirkland & Ellis**
200 East Randolph Drive
Chicago, Illinois 60601

**Counsel for Defendants**

The manner in which such Notice of Objection must be prepared, served, filed and delivered shall be stated in the Notice of Settlement.

Dated: MAY 30, 2000

BY THE COURT:

Robert W. Gettleman
United States District Judge
Northern District of Illinois
Eastern Division