Minute Order Form (06/97)

JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2450 | **DATE** | August 1, 2000 |
| **CASE TITLE** | Phyllis Miller v Material Sciences Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ■ This case is dismissed with prejudice and without costs by agreement.
(10) ■ [Other docket entry] Fairness hearing held.
Final judgment and order of dismissal of class action entered.

(11) ■ For further detail see order attached to the original minute order.

| X | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 0 3 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 91 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 AUG -3 AM 8: 12 | | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS MILLER, | x | |
| Plaintiff, | : | |
| vs. | : | Case No. 97 C 2450 |
| MATERIAL SCIENCES CORPORATION, WILLIAM H. VRBA, G. ROBERT EVANS, GERALD G. NADIG and JAMES J. WACLAWIK, SR., | : | Judge Gettleman |
| Defendants. | : | |

DOCKETED
AUG 0 3 2000

## FINAL JUDGMENT AND ORDER OF DISMISSAL OF CLASS ACTION

This matter came on for hearing on August 1, 2000. The Court has considered the Stipulation of Settlement (the "Stipulation") and all oral and written objections, briefs and comments received regarding the proposed settlement, and has reviewed the entire record in the Action,

NOW THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court adopts the definitions set forth in the Stipulation;

2. The Court has jurisdiction over the Action, the Lead Plaintiff and Class Members, and the Defendants;

3. The Settlement embodied in this Stipulation is fair, reasonable and adequate to the Class;

1

91

4. The Action in its entirety as against all Defendants, is dismissed with prejudice and without costs to any Party;

(a) Subject to Sections F and G of the Stipulation, each Settlement Class Member shall be deemed conclusively to have released the Settled Claims against the Defendants and other Released Parties as of the Effective Date, as defined in the Stipulation. Notwithstanding that any Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the Action and Settled Claims, or to the subject matter of the Release, each Settlement Class Member shall be deemed, upon the Effective Date, to fully, finally and forever settle and release any and all Settled Claims as against the Defendants and other Released Parties, including all claims known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed, and without regard to the subsequent discovery or existence of any such different or additional facts;

(b) Each Defendant shall be deemed conclusively to have released any and all claims against the Settlement Class Members, Lead Plaintiff and Plaintiff's Counsel; and

(c) Each Settlement Class Member shall be deemed conclusively to have released any and all claims relating to and including the Settled Claims against Lead Plaintiff and Plaintiff's Counsel and the Claims Administrator; provided however, that nothing in this Final Judgment shall bar any action or release any claim to enforce the terms of the Stipulation or of this Final Judgment.

5. Each Settlement Class Member is barred and permanently enjoined from prosecuting the Settled Claims against the Defendants and other Released Parties;

6. Jurisdiction is reserved, without affecting the finality of the Judgment entered, over:

    (a) Implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned/accrued thereon;

    (b) Disposition of the Settlement Fund;

    (c) Hearing and determining Plaintiff's Counsel's applications for attorneys' fees, costs, and expenses (including fees and costs of experts and/or consultants) and interest thereon;

    (d) Enforcing and administering this Stipulation, including any releases in connection therewith; and

    (e) Other matters related or ancillary to the foregoing.

7. The form and manner of distribution of the Notice of Settlement, the Proof of Claim and the Summary Notice of Settlement as provided for in the Preliminary Approval Order, and form and manner of the Notice of Class Certification and Summary Notice of Class Certification, constituted the best notice practicable under the circumstances to all Class Members, and fully complied with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule or regulation.

8. The Settlement is fair, reasonable, and adequate to the Class and the Parties should consummate the Settlement in accordance with its terms as set forth in the Stipulation.

9. After the Effective Date, neither Defendants nor their counsel nor their insurers shall have any right to the return of any portion of the Settlement Fund.

10. The proposed Plan of Allocation of the Net Settlement Fund, as set forth in the Stipulation, is approved.

11. Each Settlement Class Member is barred and permanently enjoined from commencing and prosecuting, either directly, representatively, or in any other capacity, against the Defendants and the other Released Parties, any and all of the Settled Claims.

12. Members of the Class who have validly and timely requested exclusion and who did not duly submit a request for inclusion may pursue their own individual remedies, if any.

13. The Court awards Plaintiffs' Counsel $950,333 in attorneys' fees representing 33.3 % of the net Settlement Fund and $399,000 as reimbursement of expenses, together with interest on both amounts for the same time period and at the same rate as earned on the Settlement Fund. The fees and expenses shall be distributed among Plaintiffs' Counsel as provided in the Stipulation.

Dated:

BY ORDER OF THE COURT

_____
Robert W. Gettleman, United States District Judge

August 1, 2000

4